IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANNY FILM, LLC | ) Docket No.: 2:15-cv-01168 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| John Doe | ) |
| IP address 69.253.217.227 | ) |
| | ) |
| Defendant. | ) |

RE: MOTION TO DISMISS

Manny Film, LLC has filed a federal lawsuit against me in the United States District Court for the Eastern District of Pennsylvania. It stated I was being sued for allegedly infringing Manny Film, LLC's copyrights on the internet by uploading or downloading content without permission. The plaintiff in this case lacks evidence/proof of their claims. Multiple federal court rulings have determined an I.P address, alone, is insufficient to file a copyright infringement lawsuit.

Florida District Court Judge Ursula Ungaro ruled in, *Malibu Media vs John Doe Case No. 1:14-cv-20213-UU,* that geolocation software is not sufficient in (1) establish the identity of the Defendant and (2) that the Defendant may be found within this district; and to show good cause why this case should not be dismissed for improper venue. She writes: "There is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district. Even if this IP address is located within a residence, the geolocation software cannot identify who has access to that residence's computer and who would actually be using it to infringe Plaintiff's copyright. The Court finds that Plaintiff has not established good cause for the Court to reasonably rely on Plaintiff's usage of geolocation to establish the identity of the Defendant. The Court also finds that Plaintiff has not established good cause as to why this action should not be dismissed for improper venue. Accordingly it is ORDERED AND ADJUDGED that Plaintiff's Complaint, D.E. 1, is DISMISSED."

New York Magistrate Judge Gary Brown stated, in *K-Beech, Inc. v. John Doe, CV 11-3995,* that an I.P address doesn't identify a person. He writes: "The assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded

a single sexually explicit film is tenuous, and one that has grown more so over time." "An IP address is not a Social Security number or a fingerprint." "An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones.""Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call." "While a decade ago, home wireless networks were nearly non-existent, 61% of US homes now have wireless access. As a result, a single IP address usually supports multiple computer devices – which unlike traditional telephones can be operated simultaneously by different individuals." "Different family members, or even visitors, could have performed the alleged downloads. Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film."

United States District Judge Harold Baker states, in *VPR Internationale v. John Doe,* "The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." "Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, you look like a suspect. Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?" "The court is not supporting a "fishing expedition" for subscribers' details if there is no evidence that it has jurisdiction over the defendants."

Washington District Judge Robert Lasnik stated, in *Elf-Man v. John Doe* (WAWD 13-cv-00507)."[The movie studio] has actually alleged no more than that the named defendants purchased Internet access and failed to ensure that others did not use that access to download copyrighted material.""Simply identifying the account holder associated with an IP address tells us very little about who actually downloaded 'Elf-Man' using that IP address," Judge Lasnik writes."While it is possible that the subscriber is the one who participated in the BitTorrent swarm, it is also possible that a family member, guest, or freeloader engaged in the infringing conduct."

Central District of California Judge Otis D. Wright stated, in *AF Holdings LLC v. John Doe ,* No. 1:12-cv-48(BAH), "An IP address alone may yield subscriber information, but that may only lead to the person paying for the internet service and not necessarily the actual infringer, who may be a family member, roommate, employee, customer, guest, or even a complete stranger. […] And given the subject matter of AF Holdings's accusations and the economics of defending such a lawsuit, it is highly likely that the subscriber would immediately pay a settlement demand — regardless whether the subscriber is the actual infringer. This Court has a duty to protect the innocent citizens of this district from this sort of legal shakedown, even though a copyright holder's rights may be infringed by a few deviants. Thus, when viewed with the public interest in mind, the Court is reluctant to allow any fishing-expedition

discovery when all a plaintiff has is an IP address — the burden is on the plaintiff to find other ways to more precisely identify the accused infringer without causing collateral damage.

This lawsuit places unjust burden upon me. I can't afford an attorney to defend myself. The plaintiff lacks evidence to pursue a lawsuit against me. Once again, I request the court to dismiss this case.

Date: June 3, 2015                                     Respectfully submitted,

                                                       /s/ John Doe
                                                       John Doe
                                                       Subscriber of IP address:
                                                       69.253.217.227

                                                       Pro, se