IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MANNY FILM LLC**<br>　　　　*Plaintiff*<br><br>　　v.<br><br>**JOHN DOE subscriber assigned IP address 69.253.217.227**<br>　　　　*Defendant, pro se* | **CIVIL ACTION**<br><br>**NO. 15-1168** |

# O R D E R

**AND NOW**, this 26th day of October 2015, upon consideration of Defendant's *motion for order to show cause*, [ECF 29], and Plaintiff's response in opposition thereto, [ECF 30], it is hereby **ORDERED** that the motion is **DENIED**.[1]

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
NITZA I. QUIÑONES ALEJANDRO, J.

---

[1] The instant motion, *albeit* styled a "motion for order to show cause," is essentially Defendant's seventh bite at the apple to dismiss Plaintiff's complaint. (*See* September 30, 2015 Order [ECF 28].) Instantly, Defendant requests an order directing Plaintiff to "provide further evidence as to why this lawsuit should be allowed to proceed . . . evidence that it acquired the entire computer file from Defendant's IP address," and, if Plaintiff cannot do so, "this lawsuit should be dismissed." (Motion 1 [ECF 29].) Such requested evidence, at this stage of litigation, is properly within the ambit of *discovery*, and not grounds to require Plaintiff to "show cause", or reason for this Court to dismiss the complaint.

In addition, Defendant's ultimate request to dismiss the complaint is improper since an answer [ECF 14] to the complaint has already been filed. *See Nason & Cullen, Inc. v. Delaware Valley Designers & Mfrs, Inc.*, 2002 WL 32341867, at *1 (E.D. Pa. Nov. 14, 2002) (a Rule 12(b) motion to dismiss cannot be filed after an answer is filed). Therefore, for the reasons stated, Defendant's motion is denied.